The next case on the calendar for argument is United States v. Zia, No. 18-3483. The issue in this case is whether an appellant knowingly and voluntarily consented to the entry of a restitution order requiring him to pay more than $500,000 to his former employees. And I think that that question not only implicates the restitution order itself, but the waiver issue raised in the government's brief. Because if at the time of the change of plea, Mr. Zia did not knowingly or did not know that he had a consent to the restitution order, I don't see how he could waive his right to appeal. Sotomayor Is this on plain error review? Waxman Excuse me? Sotomayor Is this on plain error review? Waxman Yes. Yes, it is. And I was thinking about that when you were discussing the waiver issue in the last case. And if the change of plea hearing itself did not explain at the change of plea hearing itself, the Court did not explain to Mr. Zia that it needed his consent to issue this order, I don't see how he could have waived his right to appeal. Kagan So at the sentencing hearing, you were not his lawyer below? Waxman No, I was not. My understanding is that at the sentencing hearing, his lawyer stated that Mr. Zia knew that restitution was not required by statute. The plea agreement itself says statutorily required and then lists several different provisions, but then it says you agree. And then his lawyer said at the sentencing hearing, I just want to mention that we agreed upon a restitution order when the statute doesn't require restitution. And also at the change of plea hearing, the Court said, do you understand that you agreed to pay restitution? Your agreement states that you and the government agreed that this should be ordered by the Court. Do you understand that? Yes, Your Honor. My understanding is he never moved to withdraw his plea agreement, having suddenly understood that restitution was required. And all of these signals suggest to me that on plain error review, it's difficult to fault the district court for not giving any additional explanation, or it makes it difficult to believe that he did not knowingly and intelligently agree to pay restitution in the amount that he, in fact, agreed to. Could you explain to me why that's not so? Waxman I'll try. Kagan I'm wrong. Yes, please. Waxman There is that one statement by defense counsel where he talks about, I just wanted to mention that we, apparently he and his client, agreed upon a restitution order. Kagan When the statute doesn't require it. Waxman When the statute doesn't require it. That's the only mention in the record below that it wasn't required. And that's contrary. Kagan The plea agreement itself says you agree, the parties agree that restitution in the amount of $518,000 should be ordered by the court to pay the back wages the employees described. Waxman Right. Okay. So he agreed to pay the amount. I mean, that's clear that he agreed to pay an amount of $518,566.85. He agreed to the amount. What we don't know from this plea agreement is whether he understood that the court had no authority to order that amount without his consent. And if you look at his rule, he filed a Rule 35 motion about a week after the sentencing. And he told the court in that pro se motion, when I asked my attorney regarding restitution, I was told that this was a lawful part of the plea agreement. Now, the plea agreement indicates that restitution is a statutory penalty for a violation of a Title VIII crime. And that's not true, because 3663 and 3663A don't refer at all to Title VIII. And the fact that 3663A is there suggests that it's mandatory, right? That's the mandatory victim restitution. Didn't counsel seek a break on sentencing in part on the ground that Mr. Zia had voluntarily agreed to pay restitution? He sought a break, yes. He never said it was voluntary. But I agree that paying restitution, generally speaking, when you don't have to, affects the sentence that you're going to receive. But keeping that in mind, he's asking the court to strike the restitution order, knowing, and he knows, believe me, he knows, that if the court were to remand this case, the district court could, has the option set out in Showerman that the court could simply strike the restitution order, highly unlikely. And leave the other part of the sentence alone. Or the court could strike the restitution order and sentence him again. Or if the court doesn't choose that option, the court could simply strike the plea agreement in its entirety and they're back to square one. So in the sense that he sought leniency by paying restitution, if that's what your honor is suggesting, the reason I'm here is that he's asking this court to remand the case, to strike the restitution order, and he faces significant consequences. He was sentenced to time served. Yes, he was. He wants to be re-sentenced. As crazy as that sounds, yes. He could end up like the fly that conquered the flypaper, by getting what it is you think you want. That was all explained to him and it's his choice. It is his choice. We're not his guardians and I probably wouldn't make that same decision, but he does not- That is his decision. Yes, that's the point. And to the extent that you consider this a plea for leniency, he is shortly after, a week later, he's saying, hey, look, I don't think I need to pay this. Let me ask you about his other argument, which I think was that the court did not take into adequate account his ability to pay in entering the agreed to restitution order. The court tailored the restitution order, though, in some parts. So could you explain that? I did. I put that in the brief just to show that I really think that this case suggests system failure. I mean, the plea agreement misstates the law. When defense counsel went over the plea agreement with his client, he didn't edit it and say, hey, look, this is wrong, right? So this is not an effective assistance. The court's never said, by the way, Mr. Zia, you don't have to do this. I have no authority to issue a restitution order without your consent. Do you understand that? And it really, and then at sentencing, it was just sort of the statutory requirement that the court consider his financial status was ignored. Sounds like it might be an ineffective assistance claim. Yeah, it sort of sounded like that, but it wasn't just defense counsel that failed. It really wasn't. All right, thank you very much. We have two minutes of rebuttal. We'll hear from Ms. Nguyen. May it please the Court, my name is Virginia Nguyen, and I represent the government in this matter. Could you move the microphone down a little bit? Is that better? Yes. Okay. The first issue here is whether the court, the district court, had statutory authority to issue the restitution order that it did, and it's clear that it did under the victim and witness protection act. I think your adversary is arguing that it did, but that it wasn't set out that it only had that authority unless his client agreed, correct? Yes, Your Honor. So I'll focus directly onto that, and I think the record is very clear and unambiguous that this was a knowing and voluntary plea agreement between the parties. But maybe you could the plea agreement itself describes this as a statutory penalty. It does. It has it under that section, Your Honor. But I believe there's a difference that needs to be distinguished here between statutory penalty and mandatory penalty. For example, there's a mention of a $250,000 fine. That is a statutory penalty that could be imposed. It doesn't mean that it's a mandatory penalty. And under the restitution portion, it says that the parties have agreed to this, and it cites to two statutes. That's the section 3663 and capital A. And that is what gives the court statutory authority to impose a restitution order when agreed to by a plea agreement between the parties. It's not saying anything about mandatory. And in fact, when you look at the plea minutes and even the written plea agreement itself, it talks in terms of minimums and maximums. The court asks, you understand you may be sentenced to a maximum term of 10 years. When it gets to the restitution, the language changes to this is an agreement between the parties. True, but it still characterizes a statutory penalty, and that concerned me, and particularly because while 3663 authorizes the court to impose restitution to the extent – it's only to the extent agreed by the parties. 3663A is of less clear applicability here, if – because that speaks only to restitution to persons other than the victim. So it seemed like only one of those provisions actually empowered the court. And the maximums, every other item listed under – as a statutory penalty has no voluntary aspect to it, the statutory maximum, minimum, maximum, minimum. Here, the court's authorized to impose this penalty only if the defendant agrees. So it seems of a different nature altogether. I do agree, Your Honor, but the argument here is that whether the court has statutory authority versus whether it's mandatory. And the government agrees that it's not mandatory except for there's a plea agreement, in which case the court must enforce that plea agreement. You aren't arguing that this could have been imposed under the mandatory subsection of 3663? I wouldn't say that's the government's strongest argument, Your Honor, but I wouldn't waive that argument entirely. In that section of the statute, it doesn't specify or limit itself to the crimes classified in subsection C of that statute. Certainly, it – the government agrees that this crime is not one of the crimes listed in subsection C of the mandatory act. And there's a – I think it is limited to subsection C, but subsection C seems capacious. The only reason I say this, Your Honor, there is one Seventh Circuit case where it's United States v. Sloan, and it's 505 F. 3rd. 685. In that case, a defendant, Mr. Sloan, pled guilty pursuant to a plea agreement to a misdemeanor for making a false statement. That was after a plea agreement included the dismissal of three felony counts against the defendant, and those three felony counts, any one of them would have carried with it a mandatory restitution provision. The Court upheld the condition in the written plea agreement that provided for restitution under the mandatory act, not relying on the voluntary act, if you will, the victim's act. So I don't believe that it is entirely waived. However, it falls squarely within the VWPA, where I believe the government's strongest argument lies. And beyond that, however, Your Honor, it has already pointed out that the record shows that the defendant was aware that it was voluntary. So even if there was confusion about the statutory references in the written plea agreement, there's more context from the record that we have that shows that the defendant knew exactly what he was agreeing to. As the Court pointed out, there's the allocution during the plea where the court asks, is this an agreement, and the defendant responds, yes. There is the case that doesn't speak to, that doesn't really reflect a deep understanding that this was totally, that he had the option not to agree. I mean, the agreement could be just to the amount, rather than, you know, I know I have to pay something. Yes. I will point out, though, that in that written agreement, it also specifically mentions that the restitution is to pay back wages of employees described in the indictment. There's no employees specifically described in the count to which he was convicted of. The employees to which he's making the payments to are employees listed in other counts of the indictment. This shows, I believe, that there was clearly a contemplation of payment to individuals who are reflected by counts beyond the count of conviction, which is entirely what a plea agreement for restitution would entail. It's restitution in connection with conduct that's not specifically the conduct of the charged and crime of conviction. But it's not just that one factor, Your Honor. We have what the Court has already pointed out during the sentencing minutes that counsel for the defendant argued for a more lenient sentence because restitution was not a mandatory component. What the minutes say is that counsel said, I just wanted to mention that we agree upon a restitution order when the statute doesn't require restitution. That seems very unambiguous to me that counsel knew it was not a mandatory condition. And as we often infer statements of counsel to statements of the defendant and knowledge of the defendant, the defendant knew. And we also know that the defendant was involved in this proceeding, was listening attentively to the proceeding, because he references words that his counsel said during the allocation, during the sentencing. For example, the defendant in speaking to the court prior to receiving his sentence, he says, as counsel pointed out, as my lawyer said, I'm a family man. So that demonstrates to the district court, and I would argue to this Court, that the defendant was listening and in tune with what was being said at his own sentencing. But what are we to make of the letter submitted pro se that your adversary referred to? Well, he – in that letter, it also indicates that the defendant didn't know it could be any impose even without consent. And it's a misstatement of the law as well as a misstatement of the facts represented by the record. Again, not only at sentencing did they talk about the mandatory nature, the lack of mandatory nature of this, but also in the PSR, it was mentioned not once, but in two different paragraphs, that this was not a mandatory condition of the plea. So the defendant, not being a lawyer, is now arguing and stating things which aren't supported by the record. What this case is about, Your Honor, is a plea agreement reached between the parties. Part of that plea agreement included a promise to pay restitution agreed to by the defendant. In exchange, the government dismissed the remaining counts of the indictment, which included nine counts of aggravated identity theft, which carries a mandatory sentence of two years, and it also dismissed the count of conspiracy to commit wire fraud. All of those would have mandatory restitution attached to them in any event. So what the Court here did simply was honor the plea agreement and the bargain reached between the parties based on the written plea agreement, the change of plea hearing, and the sentencing, which all indicate the defendant's knowing and voluntary agreement here. Could you address the ability to pay argument? Yes, Your Honor. The Second Circuit has held previously that when there is an agreement to pay, it can be interpreted by the Court as a statement of ability to pay as well. I'm sorry. When there is agreement between the parties as to restitution, it can be viewed as a statement by the defendant as an ability to pay, so that the Court wouldn't be required to look into that. Nonetheless We don't have to look for an affirmative act? Yes, Your Honor. I believe the Second Circuit authorizes, this Court authorizes that. Nonetheless, I think the record also shows that the Court had ample information about the defendant's financial status to impose this. The Court didn't impose a fine, having heard from counsel about the defendant's lack of financial resources at the time, but as indicated in the PSR, the defendant certainly was educated, had run multiple businesses in the past, had obtained a liquor license, and engaged in other activity that showed he had certainly the ability to make more money in the future, in which case the restitution order would be supported. Thank you. Thank you, Your Honor. Thank you very much. Mr. Williams, you've reserved 2 minutes of rebuttal. Your Honor, you know, the problem with this case is it reflects a real degree of sloppiness on everybody's part. The defense attorney didn't know what the plea agreement meant. He obviously didn't explain it properly to his client. The government refers to mandatory restitution when it doesn't apply. The Court doesn't realize those mistakes when, at the change of plea hearing. Nobody got it right, and it all falls on Mr. Zia. And I think it's important, generally speaking, that the Court, this Court, not allow the kind of shoddy behavior that obviously happened in this case go by. It was a way that 363A could have applied, had someone looked at the statute. As counsel referred to a moment ago, my client was charged with wire fraud and identity theft, both property crimes under Title 18 and under the Mandatory Victim Restitution Act. There was a way to have that statute apply in this case if the plea agreement specifically stated that those counts were being, in a separate paragraph, if those counts were being dismissed so that the defendant could plead to the Title 8 offense, and then it could have been applicable. But they didn't do that. No one paid any attention, and it seemed like now my client is facing a 500,000 restitution order that he didn't voluntarily consent to. Thank you. I think we have the agreements. Okay.